ALASKA BOARD OF PAROLE
# ORDER OF DISCRETIONARY PAROLE

Parolee: Jason P. Kivi          DOB: 9/12/78          OBSCIS: 377244

Case# 3AN-S97-9155, 3AN-S98-4352CR.

---

This parole is granted effective 11/10/2004, or as soon thereafter as a release plan is verified by the Alaska Department of Corrections. Parole will expire 7/19/2008. Parole is granted with the understanding that the Board can have the parolee returned to custody at any time when it determines a condition of parole has been violated.

5/20/08  (112 11/6/04)

## CONDITIONS OF DISCRETIONARY PAROLE

**REPORT UPON RELEASE:** I will report in person no later than the next working day after my release to the Parole Officer (P.O.) located at _____, and receive further reporting instructions. I will reside at: _____.

**MAINTAIN EMPLOYMENT/TRAINING/TREATMENT:** I will make a diligent effort to maintain steady employment and support my legal dependents. I will not voluntarily change or terminate employment without receiving permission from my P.O. to do so. If discharged or if employment is terminated (temporarily or permanently) for any reason, I will notify my P.O. the next working day. If I am involved in an education, training or treatment program, I will continue active participation in the program unless I receive permission from my P.O. to quit. If I am released, removed or terminated from the program for any reason, I will notify my P.O. the next working day.

**REPORT MONTHLY:** I will report to my P.O. at least monthly in the manner prescribed by my P.O. I will follow any other reporting instructions established by my P.O.

**OBEY LAWS/ORDERS:** I will obey all state, federal and local laws, ordinances, orders, and court orders.

**PERMISSION BEFORE CHANGING RESIDENCE:** I will obtain permission from my P.O. before changing my residence. Remaining away from my approved residence for 24 hours or more constitutes a change in residence for the purpose of this condition.

**TRAVEL PERMIT BEFORE TRAVEL OUTSIDE ALASKA:** I will obtain the prior written permission of my P.O. in the form of an interstate travel agreement before leaving the State of Alaska. Failure to abide by the conditions of the travel agreement is a violation of my order of parole.

**NO FIREARMS/WEAPONS:** I will not own, possess, have in my custody, handle, purchase or transport any firearm, ammunition or explosives. I may not carry any deadly weapon on my person except a pocket knife with a 3" or shorter blade. Carrying any other weapon on my person such as a hunting knife, axe, club, etc. is a violation of my order of parole. I will contact the Alaska Board of Parole if I have any questions about the use of firearms, ammunition or weapons.

**NO DRUGS:** I will not use, possess, handle, purchase, give or administer any narcotic, hallucinogenic (including marijuana/THC), stimulant, depressant, amphetamine, barbiturate or prescription drug not specifically prescribed by a licensed medical professional.

**REPORT POLICE CONTACT:** I will report to my P.O., not later than the next working day, any contact with a law enforcement officer.

**DO NOT WORK AS AN INFORMANT:** I will not enter into any agreement or other arrangement with any law enforcement agency which will place me in the position of violating any law or any condition of my parole. I understand the Department of Corrections' and Parole Board's policy prohibit me from working as an informant.

**NO CONTACT WITH PRISONERS OR FELONS:** I may not telephone, correspond with or visit any person confined in a prison, penitentiary, correctional institution or camp, jail, halfway house, work release center, community residential center, juvenile correctional center, etc without the permission of my Parole Officer. Contact with a felon during the course of employment or during Corrections-related treatment is not prohibited if approved by my P.O. Any other knowing contact with a felon is prohibited unless approved by my P.O. I will notify my P.O. the next working day if I have contact with a prisoner or felon.

**CANNOT LEAVE AREA:** I will receive permission from my P.O. before leaving the area of the state to which my case is assigned. My P.O. will advise me in writing of limits to the area to which I have been assigned.

**OBEY ALL ORDERS / SPECIAL CONDITIONS:** I will obey any special instructions, rules or orders given to me by the Board of Parole or by my P.O. and I will follow any special conditions imposed by the Board of Parole or my P.O.

**WAIVE EXTRADITION:** I will waive extradition to the State of Alaska from any state or territory of the United States, and I will not contest efforts to return me to Alaska by the Board of Parole or my P.O.

**PROVIDE DNA SAMPLE:** I will provide a blood and/or oral sample when requested by a health care professional acting on behalf of the State, if I am being released after a conviction of an offense requiring the State to collect the sample(s) for the DNA Identification system under AS 44.41.035.

I have read these conditions of parole or have had them read to me. I fully understand the conditions of my release on parole. I agree to abide by them. I understand it is my responsibility to contact my parole officer if I have a question about the meaning or intent of any parole conditions. I realize that I can be arrested at any time by a parole officer with or without a parole violation warrant if my conduct so dictates.

_____  11/2/04   _____  8-17-04
Parolee signature           Date      Alaska Board of Parole Representative   Date

_____  11/2/04
Witness signature           Date

SEAL

STATE OF ALASKA – BOARD OF PAROLE
Supplemental Conditions of Discretionary Parole for

2

Jason P. Kivi                    CASE#3AN-S97-9155, 3AN-S98-4352CR.

**16. I WILL PAY MY CHILD SUPPORT.**

**17. RESIDENCE:** I will reside in a community where I am able to obtain recommended Substance Abuse, Mental Health and sex Offender treatment or programs which are imposed as a condition of my parole. If I am unable to obtain such treatment or programs but I am on a waiting list for treatment, my Parole Officer may authorize me to reside temporarily in a different location, but only until my treatment or programs become available to me. If I reside in a community where a Parole Officer is not assigned, I will obtain a community contact person approved by my Parole Officer. After I am treatment complete or program complete, I may reside in a community where a Parole Officer is not assigned but where I have obtained a community contact person who is approved by my Parole Officer. I understand that my Parole Officer will provide appropriate notification to the community where I will reside.

**18. NO VICTIM OR VICTIM'S FAMILY CONTACT:** I will not have any communication or contact with the victims or victims' family of the present offense without written permission of my parole officer, the victims, or in the case of a minor the victim's parent or guardian, **and** my therapist. This means no in-person contact, no written correspondence, no taped conversation, no electronic contact (internet or EMail), no telephonic contact, no stalking, no harassment, and no communication of any nature through a third party.

**19. NO CONTACT WITH PERSONS UNDER 18 YEARS OLD:** I will not knowingly have any in-person contact with a person under 18 years old unless I am in the immediate presence of another adult who knows the circumstances of my crime (including the assault cycle of my crime, if appropriate) and this adult has been approved by my parole officer. My parole officer must provide prior written permission in order for contact to occur. This restriction regarding in-person contact with minors includes employment, recreational and residential situations, unless the contact with a minor has been approved in writing by the Alaska Board of Parole. This restriction does not prohibit incidental contact in public locations. The restriction does not prohibit conversations in public with a minor employee of a business. Contact includes but is not limited to no in-person contact, no written correspondence, no taped conversations, no electronic contact (internet or EMail), no telephonic contact, no stalking, no harassment and no communication of any nature through a third party, without the prior written permission of my parole officer.

**20. MAY NOT RESIDE IN HOUSEHOLD WITH PERSON UNDER 18 YEARS OLD:** I will not reside in a dwelling in which a minor under the age of 18 years is residing or staying without the permission of my parole officer and my therapist (and parent/guardian of a minor).

**21. INFORM HOUSEHOLD MEMBERS OF CRIMINAL HISTORY:** I will advise all members of the household I am staying in of my criminal history. I understand my parole officer may discuss the circumstances of my criminal history with any household member.

**22. SEX OFFENDER EVALUATION:** I will obtain a sex offender evaluation from an approved provider to determine my need for sex offender monitoring / counseling / treatment. I will actively participate in an approved program as determined by the evaluation and participate in approved sex offender monitoring / counseling / treatment as directed by my parole officer. I will sign and abide by the conditions of a treatment agreement established by the treatment

I FULLY UNDERSTAND THAT THE CONDITIONS ON THIS PAGE HAVE THE SAME FORCE AND EFFECT AS THE STANDARD ORDER OF DISCRETIONARY PAROLE OR MANDATORY PAROLE AND ALL CONDITIONS LISTED ABOVE MUST BE FOLLOWED WHETHER I SIGN OR NOT.

Parolee                                                                 Witness

Dated  11/2/04                                                    PO
                                                                             Title

STATE OF ALASKA – BOARD OF PAROLE
Supplemental Conditions of Discretionary Parole for

Jason P. Kivi                       CASE#3AN-S97-9155, 3AN-S98-4352CR.                    3

program. I will continue active participation and attendance in sex offender programming to my parole officer's satisfaction. I will obtain the prior permission of my parole officer before voluntarily discontinuing sex offender programming. If I am released, removed or terminated from this program (temporarily or permanently) for any reason, I will notify my parole officer the next working day. I agree to allow my parole officer access to any information obtained by the sex offender programming personnel, including my attendance and performance in the program.

23. **NO SEXUALLY EXPLICIT MATERIAL, AND SEARCH FOR MATERIALS:** I will not at any time possess or have on my person, in my computer, in my residence or in my car any sexually explicit material, including but no limited to: books, movies, videos, magazines, printed matter, computer disks or files. Upon request of a parole officer at any reasonable time, I will submit to a search of my person, my personal property, my residence, my vehicle or any vehicle under which I have control, for the presence of such material.

24. **MENTAL HEALTH EVALUATION / TREATMENT / PROGRAMMING:** I will have a recent mental health evaluation or will obtain one as directed by my parole officer and follow the recommendations of the mental health professionals. If recommended I will actively participate in approved mental health programming, as directed by my parole officer. I will sign and abide by the conditions of a treatment agreement established by the treatment program. I will cooperate with program personnel and will sign the consent to release information as a criminal justice referral. I will continue active participation and attendance in mental health programming to my parole officer's satisfaction. I will obtain the prior permission of my parole officer before voluntarily discontinuing mental health programming. If I am released, removed or terminated from this programming (temporarily or permanently) for any reason, I will notify my parole officer the next working day. I agree to permit my parole officer access to any information obtained by the program personnel, including my attendance and performance records in the program. **INCLUDING: Anger Management.**

25. **SUBSTANCE ABUSE MONITORING:** I will enroll in and remain in any substance abuse monitoring program directed by my parole officer. I will cooperate with program personnel and will sign the consent to release confidential information as a criminal justice referral. I will obtain the prior permission of my parole officer before voluntarily discontinuing substance abuse monitoring. If I am released, removed or terminated from the program (temporarily or permanently) for any reason, I will notify my parole officer the next working day. I agree to allow my parole officer access to any information obtained by substance abuse program personnel, including my attendance and performance in the program.

26. **NO ALCOHOL CONSUMPTION / POSSESSION: ALCOHOL TESTING / SEARCH:** I will not consume or have in my possession at any time any alcoholic beverages, including "home brew." I will not enter an establishment in which the primary business is the dispensing of alcoholic beverages; this includes liquor stores, bars, pubs, taverns or night clubs. I will notify my parole officer the next working day after I use any prescription or over-the-counter drugs, or other substance containing alcohol. I will not at any time allow alcoholic beverages in my residence or in any motor vehicle I own or under which I have control. I will submit to testing at any reasonable time upon the request by or at the direction of a parole officer or peace officer to determine whether or not I have used alcoholic beverages. This testing includes, but is not limited to: blood test, breathalyzer, urinalysis. I understand that if any of these tests show that I have consumed alcoholic beverages, my parole may be revoked. Refusing to cooperate when requested to submit to testing will constitute a violation of this condition and may result in revocation of my parole. Upon request by or at the direction of a parole officer at any reasonable time, I will submit to a search of my person,

I FULLY UNDERSTAND THAT THE CONDITIONS ON THIS PAGE HAVE THE SAME FORCE AND EFFECT AS THE STANDARD ORDER OF DISCRETIONARY PAROLE OR MANDATORY PAROLE AND ALL CONDITIONS LISTED ABOVE MUST BE FOLLOWED WHETHER I SIGN OR NOT.

_____                              _____
Parolee                                                                                    Witness

_____                              _____
Dated   11/2/04                                                                       Title   PO I

STATE OF ALASKA – BOARD OF PAROLE
Supplemental Conditions of Discretionary Parole for

Jason P. Kivi                 CASE#3AN-S97-9155, 3AN-S98-4352CR.

my personal property, my residence, my vehicle, or any vehicle under which I have control, for the presence of alcoholic beverages.

27. **TELL P.O. OF PRESCRIPTIONS:** I will notify my parole officer on the next working day of any drug prescribed to me by a licensed medical professional. Upon request, I will provide a copy of the prescription to my parole officer.

28. **SEARCH FOR STOLEN PROPERTY:** Upon request by or at the direction of a parole officer at any reasonable time, I will submit to a search of my person, my personal property, my residence, my vehicle or any vehicle under my control for the presence of stolen property.

29. **SEARCH FOR WEAPONS:** Upon request by or at the direction of a parole officer at any reasonable time, I will submit to a search of my person, my personal property, my residence, my vehicle or any vehicle under my control, for the presence of deadly weapons as defined in AS 11.81.900(15).

30. **REPORT PURCHASES OF $500 OR MORE:** I will report the purchase or lease of any item $500.00 or more to my parole officer at the next reporting time after I make the purchase.

31. **INFORM EMPLOYER OF CRIMINAL HISTORY:** I will advise any employer or prospective employer of my criminal history. I understand my parole officer may discuss the circumstances of my criminal history with my present employer or prospective employer.

32. **ADVISE P.O. OF MOTORIZED VEHICLE(S):** Before I drive a vehicle, I will provide information to my parole officer about any motorized vehicle that I own, lease, am buying or operate. I will advise my parole officer of the make, model, year, color and license number of the vehicle(s).

33. **MOBILE COMMUNICATION:** I will not possess or use by myself or through a third party; any mobile communication device (including, but not limited to pagers and cellular).

I FULLY UNDERSTAND THAT THE CONDITIONS ON THIS PAGE HAVE THE SAME FORCE AND EFFECT AS THE STANDARD ORDER OF DISCRETIONARY PAROLE OR MANDATORY PAROLE AND ALL CONDITIONS LISTED ABOVE MUST BE FOLLOWED WHETHER I SIGN OR NOT.

Parolee                                                   Witness

Dated  11/2/04                                           Title

STATE OF ALASKA/DEPARTMENT OF CORRECTIONS
CIVIL RIGHTS MODIFICATION, FIREARMS PROHIBITION, AND COOPERATION WITH POLICE

In addition to the need for you to be thoroughly familiar with your general and special conditions of probation or parole, there is additional information which the Department of Corrections must bring to your attention at this time:

(1) **LOSS/RESTORATION OF VOTING RIGHTS:**

If you have been convicted of a felony including people with Suspended Imposition of Sentence (SIS) or Rule 11 Plea Agreements.

Article V, Section 2 of the Alaska Constitution states a person who has been convicted of a felony involving moral turpitude may not vote unless his or her civil rights have been restored. Alaska Statute 15.05.030 withdraws the right to register to vote for persons convicted of a felony including moral turpitude. The right to register to vote withdrawn under these sections is automatically restored upon the unconditional discharge of the person from probation or parole. You will be provided notice of the restoration of your right to register to vote and a copy will be sent to the State Division of Elections upon your unconditional discharge.

(2) **DISQUALIFICATION AS A JUROR AND FOR ELECTIVE OR APPOINTIVE OFFICE:**

Alaska Statute 09.20.020(2) states a person is disqualified to act as a juror if he/she has been convicted of a felony for which the person has not been unconditionally discharged. Alaska Statute 15.25.030(16) precludes you from filing a declaration of candidacy for public office, and Alaska Statute 39.05.100 precludes you from being qualified for appointment to a board or commission of state government.

(3) **FIREARMS PROHIBITION:**

   A. State Disability - A.S. 11.61.200

   Misconduct Involving Weapons in the Third Degree: "Knowingly possesses a firearm capable of being concealed on his person after having been convicted of a felony by a court of this state or a court of another state or territory," and/or "Resides in a dwelling knowing that there is a firearm capable of being concealed on one's person or a prohibited weapon in the dwelling if the person has been convicted of a felony by a court of this state, a court of the United States, or a court of another state or territory, unless the person has written authorization to live in a dwelling in which there is a concealable weapon from a court of competent jurisdiction or from the head of a law enforcement agency of the community in which the dwelling is located."

   Penalty: Class C Felony, maximum of 5 years, presumptive terms of 2 years (second felony) and 3 years (third felony). Disability ceases ten years after unconditional discharge.

   B. Federal Disabilities

   1. Misdemeanor Crime of Domestic Violence: Title 18 U.S.C. 922(g)(9) prohibits persons convicted of Misdemeanor Crimes of Domestic Violence from using or possessing firearms or ammunition.

   2. Gun Control Act of 1968 - [18 U.S.C. 922 (g)(9)]: It shall be unlawful for any person who is under indictment for, or who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

   Penalty: Up to 5 years and $5,000. If possession is with the intent to commit felony, penalty is enhanced to 10 years and $10,000.

   Relief: If the crime the person was convicted of did not involve the use of a firearm or other weapon, the person can make application for a waiver to: Bureau of Alcohol, Tobacco, Firearms & Explosives, Attn: Restoration, 650 Massachusetts Ave., Suite 7400, Washington, DC 20226.

      a. Explosive materials means explosives, blasting agents, and detonators. The term explosive means gunpowders, powders used for blasting, all forms of high explosives, blasting materials,

powders, with electric circuit breakers), detonator) and other detonating agents, smokeless powders, or explosive or incendiary devices within the meaning of paragraph (5) of section 232 of this title, and any chemical compounds, mechanical mixture, or device that contains any oxidizing and combustible unit, or other ingredients, in such proportions, quantities, or packing that ignition by fire, by friction, by concussion, by percussion, or by detonation of the compound, mixture, or device or any part thereof may cause an explosion.

b. It shall be unlawful for any person

(1) who is under indictment for, or who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year,

(2) who is a fugitive from justice,

(3) who is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21. U.S.C. 802)),

(4) who has been adjudicated as a mental defective or who has been committed to a mental institution,

to ship or transport any explosive in interstate or foreign commerce or to receive <u>any explosive</u> which has been shipped or transported in interstate or foreign commerce.

c. Any person who violates subsections (a) through (i) of section 842 of this chapter shall be fined not more than $10,000 or imprisoned not more than ten years, or both.

d. In order to ensure you do not violate the GUN CONTROL ACT, <u>any</u> firearm owned or possessed by you should be permanently removed from your custody and control immediately. THAT MEANS ANY GUN IN THE HOUSE.

e. The termination of parole or probation supervision <u>DOES NOT</u> automatically relieve you of the disabilities incurred under this act except in the case of a conviction set aside as part of Suspended Imposition of Sentence (SIS) relief by the Court or expungement by State authorities. A conviction which has been pardoned by State authorities or set aside following SIS allows the possession or receipt of firearms otherwise prohibited. (Pub. L. No. 99-308, 100 Stat.449 (1986)). The removal of disabilities in all cases except SIS or pardon may be approved <u>ONLY AFTER FORMAL WRITTEN APPLICATION IS MADE TO THE U.S. DEPARTMENT OF TREASURY. ON WRITTEN APPLICATION, YOU WILL BE MAILED THE NECESSARY FORMS. AN INVESTIGATION WILL BE COMPLETED PRIOR TO THE APPROVAL OR DISAPPROVAL OF YOUR APPLICATION.</u>

(4) COOPERATION WITH POLICE: Any and all contact a probationer or parolee has with police must be reported to his or her supervising officer within 24 hours or the next working day. Persons under probation or parole supervision are prohibited from acting as an informant for law enforcement agencies or otherwise acting in an undercover capacity absent express permission from Superior Court. You are expected to conduct yourself as a good citizen and cooperate with police in reporting crimes and/or providing information as a citizen witness as part of your civic duty. If you have any questions or concerns regarding cooperation with police, you are expected to discuss them with your probation/parole officer for direction.

STATEMENT

I, JASON P. KIVI , have read or had read to me the above information, and clearly understand this information and how it pertains to my particular situation while I am on, and after, my probation and/or parole.

WITNESS OUR SIGNATURES this 10th day of NOVEMBER, 2004.

_____   _____
Adult Probation/Parole Officer                 Probationer/Parolee

20-902.05(A) Rev 09/98