DEBORAH M. SMITH
Acting United States Attorney

BRYAN SCHRODER
Assistant United States Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: bryan.schroder@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:05-cr-106-JWS |
| | ) | |
| Plaintiff, | ) | **GOVERNMENT'S** |
| | ) | **PROPOSED JURY** |
| vs. | ) | **INSTRUCTIONS** |
| | ) | |
| JASON PAUL ONIS KING KIVI, | ) | |
| | ) | |
| Defendant . | ) | |
| | ) | |

COMES NOW the United States of America, by and through its counsel, and requests that the Court instruct the jury in accordance with the following list of jury instructions from the Manual of Model Criminal Jury Instructions for the Ninth Circuit (2003 Edition), unless otherwise indicated, and from the separate instructions attached hereto, as well as those, if any, to be submitted under separate cover.

**Preliminary instructions**

1.1      Duty of Jury

1.2      The Charge - Presumption of Innocence

1.3      What is Evidence

1.4      What is Not Evidence

1.5      Evidence for Limited Purpose

1.6      Direct and Circumstantial Evidence

1.7      Ruling on Objections

1.8      Credibility of Witnesses

1.9      Conduct of the Jury

1.10     No Transcript Available to Jury

1.11     Taking Notes

1.12     Outline of Trial

**Instructions in the Course of Trial**

2.1      Cautionary Instruction - First Recess

2.2      Bench Conference and Recesses

2.5      Judicial Notice

2.10     Other Crimes, Wrongs, or Acts of Defendant

**Instructions at End of Case**

3.1      Duties of Jury to Find Facts and Follow Law

3.2      Charge Against Defendant Not Evidence, Presumption of Innocence, Burden of Proof

3.3      Defendant's Decision not to Testify

3.4      Defendant's Decision to Testify

3.5      Reasonable Doubt - Defined

3.6         What is Evidence

3.7         What is Not Evidence

3.8         Direct and Circumstantial Evidence

3.9         Credibility of Witnesses

3.10        Evidence of Other Acts of Defendants or Acts and Statements of Others

3.11        Activities Not Charged

3.12        Separate Consideration of Multiple Counts

3.18        Possession- defined

**Consideration of Particular Evidence**

4.1         Statements by Defendant

4.3         Other Crimes, Wrongs, or Acts of Defendant

4.4         Character of Defendant

4.6         Impeachment, Prior Conviction of Defendant

4.7         Character of Witness for Truthfulness

4.8         Impeachment Evidence - Witness

4.17        Opinion Evidence, Expert Witness

**Responsibility**

5.6         Knowingly - Defined

**Jury Deliberations**

7.1     Duty to Deliberate

7.2     Consideration of Evidence

7.3     Use of Notes

7.4     Jury Consideration of Punishment

7.5     Verdict Form

7.6     Communication With Court

**Specific Offense Instructions**

8.59    Firearms - Ammunition - Unlawful Possession (18 U.S.C. § 922(g))

Count 1

The defendant is charged in Count 1 of the indictment with the possession of a firearm in violation of Section 922(g) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

Second, the firearm had been shipped or transported from one state to another; and

Third, at the time the defendant possessed the firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year. Attempted Sexual Abuse of a Minor, Robbery, Misconduct involving

Weapons, and Witness Tampering are all crimes punishable by imprisonment for a term exceeding one year.

[**Alternatively, upon the request of the defendant**:]

Third, at the time the defendant possessed the firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year. The defendant stipulates that on April 20, 1999, the defendant was convicted of a crime punishable by imprisonment for a term exceeding one year.

Count 2

The defendant is charged in Count 2 of the indictment with the possession of a firearm in violation of Section 922(g) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed a firearm;

Second, the firearm had been shipped or transported from a foreign nation to the United States; and

Third, at the time the defendant possessed the firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year. Attempted Sexual Abuse of a Minor, Robbery, Misconduct involving

Weapons, and Witness Tampering are all crimes punishable by imprisonment for a term exceeding one year.

**[Alternatively, upon the request of the defendant:]**

Third, at the time the defendant possessed the firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year. The defendant stipulates that on April 20, 1999, the defendant was convicted of a crime punishable by imprisonment for a term exceeding one year.

RESPECTFULLY SUBMITTED this 21st day of February, 2006, at Anchorage, Alaska.

> DEBORAH M. SMITH
> Acting United States Attorney
>
> s/Bryan Schroder
> Assistant United States Attorney
> Federal Building & U.S. Courthouse
> 222 West Seventh Avenue, #9
> Anchorage, Alaska  99513-7567
> Phone: (907) 271-5071
> Fax: (907) 271-1500
> E-mail: bryan.schroder@usdoj.gov

I hereby certify that on February 21, 2006, a copy of the foregoing was served electronically on:

MJ Haden

s/ Bryan Schroder

U.S. v. JASON KIVI
CASE NO. 3:05-cr-106-JWS