DEBORAH M. SMITH
Acting United States Attorney

BRYAN SCHRODER
Assistant United States Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska  99513
Phone:  (907) 271-5071
Fax: (907) 271-1500
E-mail: bryan.schroder@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:05-cr-106-JWS |
| | ) | |
| Plaintiff, | ) | **GOVERNMENT'S** |
| | ) | **RESPONSE TO** |
| vs. | ) | **DEFENDANT'S** |
| | ) | **OBJECTIONS TO** |
| JASON PAUL ONIS KING KIVI | ) | **MAGISTRATE JUDGE'S** |
| | ) | **RECOMMENDATION** |
| Defendant. | ) | **REGARDING THE** |
| | ) | **MOTION TO SUPPRESS** |
| | ) | **EVIDENCE AND** |
| | ) | **STATEMENTS** |

COMES NOW the United States of America, by and through the undersigned Assistant U.S. Attorney, and responds to Defendant's objections to the Magistrate Judge's Recommendation regarding the motion to suppress.

### I.    Reasonable Suspicion Standard

The Defendant initially states that the court has made a finding that a parole or probation search must be based upon reasonable suspicion.  This conclusion is

not supported by the court's Recommendation.  In fact, the Magistrate Judge, much like the Supreme Court in <u>U.S. v. Knights</u>, 534 U.S. 112, 120 n.6 (2001), concluded that the officers had reasonable suspicion to conduct the search, and specifically declined to reach the issue of a lesser standard: "Thus, there is no need to address the adequacy of a standard less than reasonable suspicion." Recommendation [RR] at 11.  Moreover, the court recognized that the Supreme Court took a similar approach in <u>U.S. v. Griffin</u>, 483 U.S. 868, 880 (1987).

II.    **Information Received by Law Enforcement**

While the Defendant may not agree with the court's assessment of the information available to law enforcement officers in this instance, the court accurately follows the law.  The court's analysis followed a number of accepted factors that lead to a determination of reasonable suspicion.  The court recognized that information in this case was provided by known, face to face witnesses, not anonymous tipsters.  RR at 10.  The court found that Mr. Evans and Mr. Patten provided articulable objective facts. RR at 10.  The court also recognized that the information provided by the men led the officers to reasonable inferences, such as Issac Truesdell staying with Evans and having access to steal the gun.  RR at 10-11.  These important factors are discussed, with appropriate citations, in the Government's Opposition to Defendant's Motion to Suppress, pp. 14-16.

Moreover, the court recognizes that information used by officers to reach reasonable suspicion can be less reliable than that required for probable cause. RR at 13. Following the Supreme Court's analysis in Terry v. Ohio, 392 U.S. 1, 27 (1968), the information provided to the officers in this case allowed them to articulate objective facts and reasonable inferences that were much more than a "hunch." RR at 13.

Finally, the court appropriately compares the level of information provided to the officers in this case to the information available to the officers in Griffin. RR at 11. In Griffin, the Supreme Court found that information passed from a police officer to a probation officer that a probationer might have a gun was sufficient to meet the Fourth Amendment requirement of reasonableness. Griffin at 880. The search of the Defendant's residence in this case also meets that requirement.

III. **Credibility of Patten**

Defendant concludes that the court's analysis of Patten's credibility is incorrect for two reason's. First, because Officer Whitehead's knowledge of Patten's past information and credibility was not communicated to Parole Officer (PO) Murphy, it cannot be counted as a factor in reaching reasonable suspicion. This is not the case. As cited in the Government's initial Opposition, the Supreme

Court has ruled that if the police officer taking the information has reasonable suspicion, those acting on the officers information are deemed to have reasonable suspicion.  U.S. v. Hensley, 469 U.S. 221, 231-232 (1985).

Second, the Defendant suggests that because Patten was passing information he received from Emmy King, he is insulated from being held accountable for false information.  This is incorrect.  If the evidence showed that the false information originated from Patten, he would be accountable, even if he claimed that the information originated from someone else.

IV. **Information Concerning Direct Contact with Patten**

The court's determination that either Patten or Evans had spoken to the Defendant about the stolen weapon was a reasonable understanding of the testimony at the evidentiary hearing.  The Defendant inserts a quote in his Opposition that implies confusion.  However, the quote comes from the probation officer, not the police officer who actually spoke to Evans and Patten.  Officer Whitehead, based on his face to face conversation with Patten and Evans, stated at the evidentiary hearing that he understood it was Patten who had spoken to the Defendant.  Evidentiary Hearing Transcript (EHT) at 26.

V. **Probation Officer's Criteria for Search**

The comments of PO Murphy cited by the Defendant reflect his practice under state law. Thus, it has little relevance here. The question is not whether PO Murphy would have responded with minimal information, but what information he had in this case. He testified that he had Officer Whitehead's report, which included information on the interview with Evans and Patten. EHT at 32-33, 43-44. Moreover, as cited earlier, Officer Whitehead's information and assessment of credibility can be imparted to PO Murphy under <u>Hensley</u>, 469 U.S. at 231-232.

## CONCLUSION

The objections offered by the Defendant are not supported by the evidence or the case law, and should be rejected by the court. The courts Recommendation should remain unchanged.

RESPECTFULLY SUBMITTED this 22nd day of February, 2006, at Anchorage, Alaska.

DEBORAH M. SMITH
Acting United States Attorney

s/Bryan Schroder
Assistant U.S. Attorney
222 West Seventh Avenue, #9
Anchorage, Alaska 99507
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: bryan.schroder@usdoj.gov

**CERTIFICATE OF SERVICE**
I hereby certify that on February 22, 2006, a copy of the foregoing **GOVERNMENT'S OPPOSITION TO DEFENDANT KIVI'S MOTION TO SUPPRESS STATEMENTS**, was served, electronically, on: **M. J. Hayden**

s/Bryan Schroder