DEBORAH M. SMITH
Acting United States Attorney

BRYAN SCHRODER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Tel.: (907)271-5071
Fax: (907)-271-1500
email: bryan.schroder@usdoj.gov

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:05-cr-106-JWS |
| | ) | |
| Plaintiff, | ) | **PLEA AGREEMENT OF** |
| | ) | **JASON PAUL ONIS KING** |
| vs. | ) | **KIVI** |
| | ) | |
| JASON PAUL ONIS KING KIVI, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

I.  **Introduction**

A.  This document contains the complete plea agreement between the defendant and the United States. The defendant understands this agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.

**B.**     The parties expressly agree that this plea agreement is entered into and is to be controlled by Federal Rule of Criminal Procedure 11(c)(1)(B). This means that the defendant may not withdraw from this agreement or the guilty plea(s) unless the court declines to be bound by the provisions of this agreement.

**C.**     Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney's fees and costs from the other party.

## II.  What the defendant agrees to do

**A.**     I, JASON PAUL ONIS KING KIVI, the defendant, being of sound mind and under no compulsion or threats, or promises not otherwise contained in this document, do hereby state my agreement to and understanding of this plea agreement. I agree the following obligations are material to this agreement. I agree that any violation of or failure to fulfill these obligations will be a material breach of this agreement.

If I breach this agreement, I understand the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, I understand at an appropriate hearing during which any of my disclosures will be admissible, the

court will determine whether I have violated the terms of this agreement; the government's burden will be by a preponderance of the evidence. I agree it will be a breach of this agreement if at any time up to and including the time for imposition of sentence in my case I give false or perjurious information or testimony to or before the United States Probation Office, the United States Attorney, or the United States District Court, in any proceeding or setting.

**B.    Charge(s) to which the defendant is pleading guilty**

I wish to enter a plea of guilty to Count 1 of the Indictment, felon in possession of a firearm, in violation of 18 U.S.C. §§922(g)(1) and 924(a)(2).

**C.    Elements of the offense(s)**

My attorney has explained the charge(s) to which I am pleading guilty and the elements necessary to establish my guilty plea(s). I understand that in order to sustain a conviction for felon in possession of a firearm, in violation of 18 U.S.C. §§922(g)(1) and 924(a)(2), as charged in this case, the United States would have to prove beyond a reasonable doubt the following elements:

First, in July of 2005, the Defendant knowingly possessed a firearm;

Second, the firearm had been shipped or transported from one state to another, or transported from a foreign nation to the United States; and;

Third, at the time the defendant possessed the firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.

**D.   Waiver of trial, appellate, and collateral attack rights**

By pleading guilty, I understand that I give up and I agree to waive the following rights:

-- If applicable, the right to have the charges against me presented to the grand jury prior to entering my plea of guilty;

-- The right to plead not guilty or to persist in that plea if it has already been made;

-- The right to a speedy and public trial by a jury on the issues of my guilt or sentence, and my interest in any forfeitable assets;

-- The right to object to the composition of the grand or petit jury;

-- The right to be presumed innocent and not to suffer any criminal penalty unless and until my guilt is established beyond a reasonable doubt;

-- The right to be represented by a lawyer at trial and if necessary

to have a lawyer appointed to represent me at trial -- I understand I am not waiving my right to have counsel continue to represent me during the sentencing phase of my case;

-- The right to confront and cross examine witnesses against me, and the right to subpoena witnesses to appear in my behalf;

-- The right to remain silent at trial, with such silence not to be used against me, and the right to testify in my own behalf;

-- The right to contest the validity of any searches conducted on my property or person.

I understand that pleading guilty acts as a waiver of the right to appeal my conviction. I also understand and agree that as consideration for the government's commitments under this plea agreement, and if the court accepts this plea agreement and imposes a sentence consistent with its terms, I will knowingly and voluntarily waive the right, contained in 18 U.S.C. § 3742, to appeal the sentence including any order of forfeiture. Furthermore, I also knowingly and voluntarily agree to waive the right to collaterally attack my conviction(s) and/or sentence. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel --

based on information not now known to me and which, in the exercise of reasonable diligence, could not be known by me at the time the court imposes sentence; and 2) a challenge to the voluntariness of my guilty plea(s). I also agree that if the my guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if my sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute me on all charges arising out of the investigation of this case for which there is probable cause.

    E.    **Additional consequences of a felony conviction**  I understand that any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, and welfare, as well as the right to own or possess any firearms, the right to vote, the right to hold public office, and the right to sit on a jury.

    F.    **Maximum statutory penalties**

I understand the maximum statutory penalties for felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), include the following for the facts upon which my plea will be entered: 1) 10 years imprisonment, 2) a $250,000 fine, 3) a $100 mandatory special assessment, and 4)

a three-year term of supervised release. I understand the following may also apply and affect my sentence: 1) pursuant to Comment 7 of U.S.S.G. § 5E1.2, the court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term; 2) pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date; 3) upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release; 4) the court may order that I pay restitution pursuant to 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1.

I agree I will owe the entire special assessment in this case on the day the court imposes sentence. I understand that all payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

G.  **Application of the United States Sentencing Guidelines**

I understand the court has discretion to impose any sentence available for the offense(s) of conviction. I understand the court must consult and may rely upon the United States Sentencing Commission Guidelines [U.S.S.G.] when considering

the sentence to impose in my case. I also understand that while the U.S.S.G. are not mandatory and that the court is not bound to impose a sentence recommended by the U.S.S.G., the court may nonetheless find the sentence range based on the U.S.S.G. to be reasonable in my case. The United States and I have reviewed the possible sentencing ranges available under the U.S.S.G. for my case. The parties anticipate that the following guideline calculations will apply to my offense.

SUMMARY: Count1

BASE OFFENSE LEVEL § 2K2.1(a)(2) . . . . . . . . . . . . . . . . . . . . . 24

POSSESSION OF A STOLEN FIREARM OR FIREARM
WITH AN OBLITERATED SERIAL
NUMBER§2D1.1(b)(1)...................…...............……......+2

ACCEPTANCE OF RESPONSIBILITY . . . . . . . . . . . . . . . . . . . . . -3

TOTAL OFFENSE LEVEL..........................................................23

CRIMINAL HISTORY..........................  ............................V

***ESTIMATED SENTENCING RANGE:***        ***84-105 months***

***SUPERVISED RELEASE RANGE*** . . . . . . . . . . . . . . . . . . . ***3 years***

   H.    **Satisfaction with counsel**

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the court and enter my guilty plea(s). My attorney and I have discussed all possible defenses to the charges to which I am pleading guilty. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statutes applicable to my offense and sentence as well as the effect of the United States Sentencing Commission Guidelines on my sentence.

I.  **Factual basis for the plea(s)**

I admit that the charge against me in Count 1 of the Indictment is true and stipulate to the truth of the following factual basis for my plea(s) and that they support my guilty plea(s) in this case:

On July 13, 2005, Probation and Parole Officers of the Alaska State Department of Corrections, after receiving information that Mr. Kivi was in possession of a stolen weapon, conducted a search of his residence based upon his conditions of parole. In Mr. Kivi's bedroom, they found a Jennings/Bryco Arms model M38 .380 caliber semi-automatic handgun, with serial number obliterated.

In a backpack belonging to Mr. Kivi, the Parole and Probation Officers also found an Israeli Military Industries "Baby Desert Eagle" .45 caliber semi-automatic handgun, serial number 33311082. Mr. Kivi gave a statement to officers after his arrest. In that statement Mr. Kivi admitted he had found the Jennings/Bryco Arms .380 caliber semiautomatic handgun.

### III.   What the United States agrees to do

A.   If the defendant is completely candid and truthful with both the court and the United States Probation Office in admitting the underlying criminal conduct and the defendant meets the criteria set out in U.S.S.G. § 3E1.1, the United States agrees to recommend the defendant for a two level downward adjustment for acceptance of responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the additional one level adjustment for acceptance of responsibility. If, at any time prior to imposition of sentence, the defendant fails to meet the criteria set out in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

B.   The United State agrees to recommend that Mr. Kivi receive a

sentence of imprisonment of 84 months, consistent with the lower end of the applicable guideline range.

## IV.     Adequacy of the agreement

Pursuant to Local Criminal Rule 11.2 (D) (7) and (9), this plea agreement is appropriate in that it applies the same sentencing considerations that would otherwise be applicable to the defendant's sentence if the defendant had gone to trial and had been convicted on all counts in the charging instrument. The sentence to be imposed under the terms of this plea agreement will serve to adequately protect the public and reaffirm societal norms, provide for deterrence to the defendant and others, and provide the defendant an opportunity for rehabilitation.

## V.      The defendant's acceptance of the terms of this plea agreement

By my signature below, I, Jason Paul Onis King Kivi, affirm this document contains all of the agreements made between me– with the assistance of my attorney– and the United States regarding my plea. There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement.

I understand that I have a right to plead not guilty and proceed to trial, and that no one can force me to plead guilty. I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the court may impose if I plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the judge when I stand before him to enter my plea. If there were, I would so inform the court.

I understand the court will ask me under an oath to answer questions about the offense(s) to which I am pleading guilty and my understanding of this plea agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the court should find me incompetent to enter into this agreement or to enter my plea. I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the court.

Based on my complete understanding of this plea agreement, I therefore wish to enter a plea of guilty to Count 1 of the Indictment.

DATED: 4-5-06

_____
Jason Paul Onis King Kivi
Defendant

As counsel for the defendant, I have discussed with the terms of this plea agreement with the defendant, have fully explained the charge(s) to which the defendant is pleading guilty and the necessary elements, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competency to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: 4/09/06

_____
M. J. Haden
Attorney for Jason Paul Onis King Kivi

On behalf of the United States, the following accept Jason Paul Onis King Kivi offer to plead guilty under the terms of this plea agreement.

DATED: April 11, 2006                  _____ (for)
                                       Bryan Schroder
                                       Assistant U.S. Attorney

DATED: April 11, 2006                  _____ (for)
                                       DEBORAH M. SMITH
                                       Acting United States Attorney